UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JODEE WEGHORST,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    No. 15-cv-00560 (VAB) |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br>    Defendant. | :<br>:<br>:<br>:<br>: |

**RULING ON MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff, Jodee Weghorst, commenced this action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), against Defendant, Hartford Life and Accident Insurance Company, on April 16, 2015.  Plaintiff alleges that Defendant wrongfully denied her disability benefits.  Defendant now brings this Motion to Strike Plaintiff's Demand for Jury Trial.  [Doc. No. 18].  Defendant's motion is GRANTED.

This is an action "to recover benefits due to [a participant or beneficiary] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B), and it is therefore brought pursuant to ERISA § 502(a)(1)(B).  Well-established Second Circuit precedent provides that "there is no right to a jury trial in a suit brought to recover ERISA benefits" under § 502(a)(1)(B).  *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1258 (2d Cir. 1996); *see also DeFelice v. Am. Int'l Life Assur. Co. of New York*, 112 F.3d 61, 64 (2d Cir. 1997) ("cases involving ERISA benefits are inherently equitable in nature, not contractual, and . . . no right to jury trial attaches to such claims").

1

Plaintiff argues that the Supreme Court's holding in *Great-West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002), and the Second Circuit's subsequent holding in *Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005), dictate that *Sullivan* is no longer good law.  In *Great-West*, the Supreme Court held that an insurance company seeking enforcement of a reimbursement provision of an ERISA plan could not sue for restitution under ERISA § 502(a)(3), which "only allows for *equitable* relief."  534 U.S. at 221.

> [T]he funds to which petitioners claim an entitlement under the Plan's reimbursement provision—proceeds from the settlement of respondents' tort action—are not in respondents' possession. . . .  The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred.  The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a constructive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents.

*Id.* at 214.  *Pereira* likewise held that a bankruptcy trustee's claim for breach of fiduciary duty on the part of a corporation's officers and directors was legal "because they never possessed the funds in question and thus were not unjustly enriched," and therefore "the remedy sought against them cannot be considered equitable."  413 F.3d at 339.

These decisions, however, involve other provisions of ERISA, not the one at issue here: § 502(a)(1)(B).  The Second Circuit continues to indicate, post-*Great-West* and post-*Pereira*, that, under this provision of ERISA, "there is no right to a jury trial in a suit brought to recover ERISA benefits." *O'Hara  v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 642 F.3d 110, 116 (2d Cir. 2011) (dicta).  "[I]t is not this court's prerogative to ignore Second Circuit precedent that is directly on point in an effort to correctly guess how that court will react to new language found in a Supreme Court case ruling on a similar, but not identical, issue." *Peck v. Aetna Life Ins. Co.*, No. 3:04-cv-1139, 2005 U.S. Dist. LEXIS 35605, at *12-13, 2005 WL 1683491, at *4 (D. Conn. July 19, 2005).

Consistent with all relevant district court case law in this circuit know to the Court, this Court, too, "will follow the binding Second Circuit precedent found in *Sullivan* and *DeFelice* until the Second Circuit instructs otherwise." *Peck*, 2005 U.S. Dist. LEXIS 35605, at \*13, 2005 WL 1683491, at \*4.  Defendant's motion to strike Plaintiff's jury demand is GRANTED.

SO ORDERED at Bridgeport, Connecticut, this 1st day of February, 2016.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge